United States District Court
Southern District of Texas
**ENTERED**
September 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ALEJANDRO FERNANDEZ, | § |
| Plaintiff, | § |
| VS. | § |
| CORNELIOS TRUCKING REFRIGERADOS SA DE CV, | § |
| Defendant. | § CIVIL ACTION NO. 7:21-cv-00064 |
| ABRAM CARRISALEZ, | § |
| Intervenor-Plaintiff, | § |
| VS. | § |
| CORNELIOS TRUCKING REFRIGERADOS SA DE CV, | § |
| Defendant. | § |

**OPINION AND ORDER**

The Court now considers "Intervenor Abram Carrisalez's Motion to Intervene."[1] Although the motion fails to comply with Local Rules 7.1 and 7.2 because it does not indicate whether it is properly opposed or unopposed, in the absence of any response briefs, the motion is submitted unopposed for the Court's consideration under Local Rules 7.3 and 7.4. After considering the motion, record, and relevant authorities, the Court **GRANTS** Abram Carrisalez's motion.

---

[1] Dkt. No. 9.

## I. BACKGROUND

Plaintiff Alejandro Fernandez commenced this case on January 22, 2021, in state court seeking damages arising out of a March 2020 traffic crash.[2] Defendant Cornelios Trucking Refrigerados SA de CV removed to this Court on February 19, 2021.[3] In lieu of holding an initial pretrial and scheduling conference, the Court issued a scheduling order on May 6th, providing for the close of discovery on December 1st.[4] But on August 9th, putative intervenor Abram Carrisalez filed the instant motion to intervene, explaining that he "was a passenger in the vehicle driven by Plaintiff Alejandro Fernandez" at the time of the traffic crash.[5] The Court now turns to the analysis of Mr. Carrisalez's motion to intervene.

## II. LEGAL STANDARDS

Putative Intervenor-Plaintiff Abram Carrisalez seeks a permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).[6] Under that rule, the Court may permit intervention and enable a litigant to join a lawsuit[7] if the movant can establish the propriety of its intervention.[8] The rule for permissive intervention "prize[s] punctuality"[9] and permissive intervention will be denied if the motion to intervene is untimely.[10]

> There are four pertinent factors: (1) the length of time during which the proposed intervenors actually knew or reasonably should have known of their interest in the case; (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case; (3) the extent of the prejudice that the proposed intervenors may suffer if the motion is denied;

---

[2] *See* Dkt. No. 1 at 9, ¶ 10.
[3] Dkt. No. 1.
[4] Dkt. No. 7.
[5] Dkt. No. 9 at 2, ¶ 6.
[6] *Id.* ¶ 9.
[7] *See Texas v. United States*, 679 F. App'x 320, 323 n.4 (5th Cir. 2017) (per curiam) (quoting *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009)).
[8] *Wal-Mart Stores, Inc. v. Tex. Alco. Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quoting *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015)).
[9] *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019).
[10] *NAACP v. State of New York*, 413 U.S. 345, 365 (1973).

and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely.[11]

The timeliness clock begins running when the putative intervenor reasonably should have known that the putative intervenor should protect its stake in a case.[12] The requirement of timeliness does not permit sleeping on one's rights despite constructive notice of an issue,[13] specifically, the Court considers "the movant's failure to apply for intervention *as soon as* it knew or reasonably should have known of its interest,"[14] but "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner."[15] "A court should ignore how far the litigation has progressed when intervention is sought, the amount of time that may have elapsed since the institution of the action, and the likelihood that intervention may interfere with the orderly judicial processes."[16] "The timeliness inquiry is contextual; absolute measures of timelines should be ignored. Timeliness is not limited to chronological considerations but is to be determined from all the circumstances."[17] The four factors are merely a framework; an intervention "may still be timely even if all the factors do not weigh in favor of a finding of timeliness."[18]

Furthermore, permissive intervention "is appropriate when . . . the intervenor's claim or defense and the main action have a question of law or fact in common, and granting intervention

---

[11] *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996).
[12] *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376–77 (5th Cir. 2001).
[13] *Jones v. Caddo Par. Sch. Bd.*, 704 F.2d 206, 220 (5th Cir. 1983), *aff'd*, 735 F.2d 923, 934 (5th Cir. 1984) (en banc); *see Stallworth v. Monsanto Co.*, 558 F.2d 257, 268 (5th Cir. 1977) (collecting cases).
[14] *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003) (emphasis in original) (quotation omitted).
[15] *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).
[16] *Am. V. Ships Ltd. v. Nordica Eng'g Servs.*, 34 F. App'x 151 (5th Cir. 2002) (per curiam) (cleaned up).
[17] *Wal-Mart Stores, Inc. v. Tex. Alco. Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quotations and citation omitted).
[18] *John Doe #1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001).

will not unduly delay or prejudice the original parties in the case."[19] This "claim or defense" must be interpreted liberally and need not be a direct personal or pecuniary interest in the subject matter of the litigation,[20] because "an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim."[21] However, the putative intervenor must have some common question or law of fact with the pre-existing case.[22]

The Court should also consider "whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues."[23] A party is adequately represented, and intervention will likely be denied, when the proposed intervenor has the same ultimate objective as a party already in the suit, in which case the proposed intervenor must overcome a presumption against intervention by demonstrating "adversity of interest, collusion, or nonfeasance."[24] "In order to show adversity of

---

[19] *United States v. City of New Orleans*, 540 F. App'x 380, 381 (5th Cir. 2013) (internal quotation marks omitted) (citing *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987)); *accord League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989) ("Rule 24(b)(2) provides for permissive intervention when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.").
[20] *Newby v. Enron Corp.*, 443 F.3d 416, 422–23 (5th Cir. 2006) (quoting *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)).
[21] *Wal-Mart Stores, Inc. v. Tex. Alco. Bev. Comm'n*, 834 F.3d 562, 566 (5th Cir. 2016) (alteration omitted) (quoting *Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015)); *accord In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975) (quotation omitted) ("[T]he intervenor-by-permission does not even have to be a person who would have been a proper party at the beginning of the suit.").
[22] *Howse v. S/V "Canada Goose I"*, 641 F.2d 317, 322 (5th Cir. 1981) (quotation omitted) ("The decision to permit intervention under Rule 24(b)(2), however, requires a threshold determination that the applicant's claim or defense and the main action have a question of law or fact in common. The determination is not discretionary; it is a question of law."); *accord Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 825 (5th Cir. 2003).
[23] *Clements*, 884 F.2d at 189 (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (en banc)).
[24] *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984), *cited in Clements*, 884 F.2d at 189; *see United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 757–58 (5th Cir. 1995).

interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case."[25]

Ultimately, "permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."[26] "Intervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'"[27]

### III. ANALYSIS

Putative Intervenor-Plaintiff Abram Carrisalez asserts that he "suffered injuries and damages from the same occurrence (the collision) wherein Plaintiff suffered injuries and damages,"[28] which was the March 23, 2020, collision.[29] Mr. Carrisalez then learned of this suit about 15 months later, and filed his motion to intervene about 2 months after that.[30] Although the Court does not find Mr. Carrisalez's motion timely under the first factor, Mr. Carrisalez represents that he will not need to take any additional discovery,[31] no party has expressed that it will be prejudiced by Mr. Carrisalez's intervention and the Court does not see any obvious prejudice to Plaintiff and Defendant, and the Court does not discern unusual factors that militate against this intervention in this case.[32] Accordingly, Mr. Carrisalez's motion meets the timeliness requirement.

The Court also finds that Mr. Carrisalez's claims for the driver's negligence and vicarious liability against his employer, which are virtually identical to Plaintiff's claims,[33] share common

---

[25] *Texas*, 805 F.3d at 662.
[26] *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *New Orleans Pub. Serv., Inc.*, 732 F.2d at 470–71).
[27] *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).
[28] Dkt. No. 9 at 2, ¶ 11.
[29] *See* Dkt. No. 1 at 9, ¶ 8; *accord* Dkt. No. 9 at 1, ¶ 4.
[30] Dkt. No. 9 at 2, ¶ 8.
[31] *Id.* ¶ 16.
[32] *See supra* note 11.
[33] *Compare* Dkt. No. 9-1 at 4–5, ¶¶ 25–27, *with* Dkt. No. 1 at 11–12, ¶¶ 21–23.

questions of law and fact regarding the negligence of the driver and liability of the employer. Because no party has opposed Mr. Carrisalez's intervention and because Mr. Carrisalez does not anticipate any continuances for additional discovery,[34] the Court holds that his intervention will not unduly delay or prejudice any original party. Lastly, the Court finds that Mr. Carrisalez's claims for his own injuries and damages differs from Plaintiff's claims for the same[35] so Plaintiff does not alone adequately represent Mr. Carrisalez, and that Mr. Carrisalez may, as a witness and Intervenor-Plaintiff, contribute significantly to the development of the underlying factual issues.

### IV. HOLDING

Accordingly, for the foregoing reasons, the Court **GRANTS** Intervenor-Plaintiff Abram Carrisalez's motion to intervene and instructs the Clerk of the Court to add Abram Carrisalez as an Intervenor to this case and to docket his Complaint in Intervention as a separate docket entry.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[34] Dkt. No. 9 at 2, ¶ 16.
[35] *Compare* Dkt. No. 1 at 14–15, ¶¶ 36–37, *with* Dkt. No. 9-1 at 8, ¶¶ 40–41.