United States District Court
Southern District of Texas
**ENTERED**
June 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ALEJANDRO FERNANDEZ, § § Plaintiff, § § VS. § § CORNELIOS TRUCKING § REFRIGERADOS SA DE CV, § § Defendant. § ABRAM CARRISALEZ, § § Intervenor-Plaintiff, § § VS. § § CORNELIOS TRUCKING § REFRIGERADOS SA DE CV, § § Defendant. § | CIVIL ACTION NO. 7:21-cv-00064 |

## OPINION AND ORDER

The Court now considers "Defendant's *Daubert* Motion to Exclude Portions of the Testimony of Plaintiff's Expert Michael Freeman,"[1] Plaintiff's and Intervenor's response,[2] and Defendant's reply.[3] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion to exclude.

### I.  BACKGROUND AND PROCEDURAL HISTORY

This is a traffic crash case. Plaintiff Alejandro Fernandez alleges that, while he was driving in March 2020, non-party Isai Iram Sanchez Cruz was driving a tractor-trailer on behalf of

---

[1] Dkt. No. 21.
[2] Dkt. No. 22.
[3] Dkt. No. 23.

Defendant Cornelios Trucking Refrigerados SA de CV and crashed into the back of Plaintiff's vehicle, injuring Plaintiff.[4] Plaintiff brought suit in Texas state court, after which the case was removed to this Court under its diversity jurisdiction.[5] Intervenor-Plaintiff Abram Carrisalez was Plaintiff's passenger in the same collision.[6]

Consistent with the Court's discovery schedule,[7] Defendant filed its motion to exclude on the deadline for pretrial motions.[8] Plaintiff and Intervenor timely responded[9] and the motion is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a. Legal Standard

"[T]he Federal Rules of Evidence control the admission of expert testimony."[10] The Rules and judicial scrutiny extend to all experts, whether scientific or otherwise.[11] When an expert's "factual basis, data, principles, methods, or their application" are sufficiently called into question,[12] the Court must undertake a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."[13] The Court must first determine, under Federal Rules of Evidence 104(a) and 402, that the expert's proposed testimony is relevant and would assist with

---

[4] Dkt. No. 1 at 9–10, ¶¶ 8–12.
[5] Dkt. No. 1.
[6] *See* Dkt. Nos. 9–11.
[7] Dkt. No. 15.
[8] Dkt. No. 21.
[9] Dkt. No. 22.
[10] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002).
[11] *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580–81 (5th Cir. 2001) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)).
[12] *Id.* at 581 (quotation omitted).
[13] *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592–93 (1993).

determining a fact at issue.[14] Evidence that is not both is not admissible.[15] "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. Similarly, low probative value, or a total lack of it, will render proposed expert testimony unhelpful and, therefore, inadmissible under Federal Rule of Evidence 702."[16] The Court scrutinizes proposed expert testimony more searchingly than lay witness testimony for its pertinency and potential prejudice.[17]

    b. Analysis

Plaintiff and Intervenor retained "biomechanical accident reconstruction expert" Michael Freeman to testify on their behalf regarding whether the traffic collision at issue caused Plaintiff's and Intervenor's injuries and symptoms for which they sue.[18] Defendant seeks to exclude all of Dr. Freeman's testimony, opinions, and reports.[19] The first question before the Court is simple: Is Dr. Freeman's opinion relevant to the matter at hand? The Court holds that it is not.

---

[14] *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015) (quoting *Bocanegra v. Vicmar Servs.*, 320 F.3d 581, 584 (5th Cir. 2003)) (rejecting conclusory testimony as irrelevant); *cf. United States v. Gluk*, 831 F.3d 608, 615 (5th Cir. 2016) (reversing the exclusion of SEC investigators' evidence); *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) (alteration and quotation omitted) ("The contradictions coupled with the lack of support for the statements take them out of the realm of substantive evidence. In the context of admissibility of expert testimony, this court has noted that if an opinion is fundamentally unsupported, then it offers no expert assistance to the jury."); *Pedraza v. Jones*, 71 F.3d 194, 197 (5th Cir. 1995) (cleaned up) ("To qualify as an expert, the witness's testimony must both rest on a reliable foundation and be relevant to the task at hand.").

[15] *Perez v. Tex. Dep't of Crim. Just., Inst. Div.*, 395 F.3d 206, 210 (5th Cir. 2004) (citing FED. R. EVID. 401).

[16] 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE, § 702.02[5] (Mark S. Brodin, ed., 2d ed. 1997) (cleaned up), *quoted in Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 591 (1993); *see EEOC v. U-Haul Co. of Tex.*, No. 4:04-cv-3788, 2005 WL 2860987, at *2 (S.D. Tex. Nov. 1, 2005) (Hittner, J.) (quoting *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000)) ("Expert testimony assists the trier-of-fact when the expert's knowledge and experience on a relevant issue are beyond that of the average juror and the testimony helps the trier-of fact understand the evidence or determine a fact issue. When the jury is equally competent to form an opinion about the ultimate fact issues or the expert's testimony is within the common knowledge of the jury, the trial court should exclude the expert's testimony.").

[17] *Rule 702 of the Federal Rules of Evidence Is Sound; It Should not be Amended*, 138 F.R.D. 631, 632 (1991) (Weinstein, J.), *quoted in Daubert*, 509 U.S. at 595. *But see Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case . . . where a district judge sits as the trier of fact in place of a jury.").

[18] *See* Dkt. No. 22 at 1; Dkt. No. 21 at 2, ¶ 3.

[19] Dkt. No. 21 at 11, ¶ 18.

Plaintiff sues Defendant for injuries he allegedly sustained in a March 2020 traffic crash.[20] Intervenor sues for the same.[21] Dr. Freeman concludes that the "most probable cause of the post-crash acute and chronic neck and low back injuries" of which Plaintiff and Intervenor complain is a July 2018 "moderate speed rear impact crash."[22] Dr. Freeman further represents in his analysis that "the only source of trauma apparent in my review of materials that is temporally proximate to their [Plaintiff's and Intervenor's] post-crash injuries is the July 24, 2018 moderate speed rear impact crash."[23] Dr. Freeman's opinion that the July 2018 crash originated Plaintiff's and Intervenor's injuries is therefore irrelevant to demonstrating Plaintiff's and Intervenor's case that the March 2020 crash is the source of their injuries.[24]

### III. HOLDING

Because Dr. Freeman's report does nothing to substantiate Plaintiff's and Intervenor's allegation that the March 2020 crash underlying this case caused their injuries and symptoms for which they sue, Defendant's motion to exclude is well-taken. The Court **GRANTS** Defendant's motion.[25] Dr. Michael D. Freeman will not be permitted to testify on Plaintiff's or Intervenor's behalf.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of June 2022.

_____
Micaela Alvarez
United States District Judge

---

[20] Dkt. No. 1 at 9, ¶ 8.
[21] Dkt. No. 11 at 2, ¶ 11.
[22] Dkt. No. 22-1 at 16–17.
[23] *Id.* at 15.
[24] *See supra* note 15.
[25] Dkt. No. 21.